**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (AFL–CIO)**

v.

**WESTINGHOUSE ELECTRIC CORPORATION.**

Civ. A. No. 28900.

United States District Court
E. D. Pennsylvania.

Nov. 9, 1961.

Raspin, Espenshade, Heins, Erskine & Stewart, Philadelphia, Pa., for plaintiff.

Edward W. Madeira, Jr., Philadelphia, Pa., for defendant.

JOHN W. LORD, Jr., District Judge.

Plaintiff is a labor union, the International Brotherhood of Electrical Workers, AFL–CIO, hereinafter called "I.B. E.W." Local No. 1161 of the I.B.E.W. represents the employees of a certain factory of the defendant Westinghouse Electric Corporation ("Westinghouse") known as the Switchgear Plant and which is located at D Street and Erie Avenues in Philadelphia.

This civil action is the outcome of a dispute concerning the claimed seniority rights of a Switchgear Plant employee, one Charles McCarron, a member of Local No. 1161 of the plaintiff I.B.E.W. Following complaint and answer, plaintiff's motion for summary judgment, which is presently before this Court, was filed.

It is agreed that the plaintiff and defendant are parties to a written labor contract dated November 1, 1950. The applicable seniority provisions are:

"Article V—Seniority. § 1. Seniority as used herein is designated as the right accrued to employees through length of service which entitles them to certain preferences provided for in this Agreement and in *local supplements* [emphasis added]. It is understood and agreed that in all cases of rehiring or layoff due to increasing or decreasing forces accumulated length of service shall govern, if the employees can do the job with only a short training period, such as an employee with previous experience on such job would require.

"§ 2. Service credit for seniority purposes will be defined, and such details as are required to administer it properly will be contained, in *local supplements* [emphasis added]."

This basic labor contract was amplified—as to the matter at hand—when on September 4, 1958 the defendant entered into a written local supplement to the foregoing contract with the Local No. 1161 of plaintiff I.B.E.W. This local

supplement is understood as being the type and sort of local supplement to which reference is made in the underlined or italicized wording of the foregoing quotations from Sections 1 and 2 of Article V of the 1950 contract. As set out at paragraph 11 of plaintiff's complaint, that local supplement contains the following language in:

"Article III—§ 2—Seniority Credit. Seniority shall be determined by the accumulated length of service in the Philadelphia Switchgear Plant * * * now located at D Street and Erie Avenue, Philadelphia, * * * C. Seniority shall be forfeited for the following reasons: * * * 3. *When an employee, who is laid off is not recalled to active employment within one (1) year from time of lay-off.*" [Emphasis added.]

On a seniority list published by the defendant on November 20, 1958, McCarron was twelfth. On a subsequent list, published May 28, 1959, however, he had been dropped to twenty-fourth. Local 1161 thereupon filed with defendant a grievance on behalf of McCarron.

To the grievance the management replied that under the 1958 Supplement relating to seniority, it was required to eliminate all seniority which McCarron had acquired prior to October 16, 1939. Such was the case, it said, by force of a circumstance which had theretofore been overlooked: the fact that McCarron had been laid off from May 10, 1938 to October 16, 1939.

Needless to say, the plaintiff was quick to point out that such interpretation by the employer was, in effect, giving retroactive application to the 1958 seniority provisions. That is, in 1959 it interpreted the 1958 provisions to the disadvantage of McCarron by taking into consideration something which had taken place more than twenty years earlier.

The grievance was heard, but no adjustment was reached. Thereafter plaintiff asked defendant to submit the matter to arbitration, relying on the labor contract existing between them, and particularly the following provision of Supplement XII thereto dated October 31, 1957:

"Amend Article II—Grievance Procedure—by deleting § 6 in its entirety and substituting the following therefor:

"A. Except as otherwise provided in this Agreement, any grievance involving action taken or failure to act subsequent to the effective date of Supplement XII to this Agreement which remains unsettled after the grievance procedure has been exhausted pursuant to §§ 1 through 5 of this Article II and which involves either (1) the interpretation, application or claimed violation of a provision of this Agreement or of a local supplement in effect in the bargaining unit in which the grievance arose, or (2) a disciplinary penalty, release or discharge which is alleged to have been imposed without just cause shall be submitted to arbitration upon the written request of either the I.B.E.W. or the Corporation. * * *"

When defendant refused to submit the matter to arbitration, plaintiff instituted the present action, alleging jurisdiction under § 301 of the Labor-Management Relations Act of 1947, 29 U.S.C.A. § 185 *inter alia.* Plaintiff's complaint sought a determination that the described grievance is covered by the arbitration clause of the contract, and claimed "incidental" damages of $25,000.

Defendant's answer denied arbitrability and asserted the further defense of laches.

Thereafter plaintiff made the present motion for summary judgment, and has urged in his motion, brief and argument that this Court adjudicate the merits of the grievance, or in the alternative, direct the defendant to submit the grievance to arbitration. In addition, plaintiff has claimed that he is entitled to substantial compensatory and punitive damages.

Defendant's position is that it likewise desires a resolution by this Court of the merits—but persists in its denial of the plaintiff's claimed alternative of the reference to arbitration.

In the present state of the authorities, it is the view of this Court that the plaintiff's right to arbitration is clear; and that even more clearly this matter is not one for determination by the Court. Only to this matter of arbitration, however, is plaintiff entitled to the relief asked in his motion.

The labor contract existing between these parties contains an arbitration clause. There is nothing in that arbitration clause which specifically excludes the arbitrability of seniority rights. In such situation, the law is now settled that both parties are bound to submit the grievance to arbitration and that the courts may not interfere. Since the exact point has been covered in this circuit a number of times of late, it suffices to cite the most recent holding: International Telephone & Telegraph Corporation v. Local 400, 3 Cir., 290 F.2d 581 (May 1, 1961). The opinion of Judge Staley in that case collects and cites the cases from which the rule developed with a thoroughness which precludes any necessity for their repetition herein. 290 F.2d 581, 582, esp. N. 1 (3rd Cir. 1961).

As stated, plaintiff is entitled only to the reference to arbitration. No showing has been made which supports the imposition of punitive damages or damages for the expenses of litigation. As to compensation due any employees allegedly injured by defendant's improper application of the contract provisions as to seniority—that is a matter which must abide the result of arbitration. See Lodge No. 12 v. Cameron Iron Works, Inc., 292 F.2d 112 (5th Cir.1961) with especial reference to the three Steelworkers cases which (at page 118) it calls the trilogy: United Steelworkers v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); and United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

For the foregoing reasons, it is the ruling of this Court that plaintiff I.B. E.W. is entitled to arbitration as prayed in its complaint and in accordance with its motion for summary judgment. Plaintiff may submit an appropriate order to that effect.

In all other respects, it is the ruling of this Court that the said motion of plaintiff is denied and it is so ordered.